# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **JOHNNY MURRAY**<br>    **La. DOC #494592**<br>**VS.**<br><br>**WARDEN JONES, ET AL.** | **CIVIL ACTION NO. 08-1733**<br><br>**SECTION P**<br>**JUDGE JAMES**<br>**MAGISTRATE JUDGE HAYES** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On March 9, 2009, the undersigned filed a Report recommending dismissal of plaintiff Johnny Murray's *pro se* civil rights suit (42 U.S.C. §1983) in which he complained that he received inadequate medical care while he was incarcerated at the East Carroll Detention Center (ECDC) and earlier when he was incarcerated at the River Bend Detention Center (RBDC) which is also located in Lake Providence. [see rec. doc. 8]

In that Report and Recommendation, the undersigned observed that plaintiff's claims against "Dr. John Doe," were subject to dismissal "[a]bsent some allegation to establish this physician as a 'state actor...' [*Id*., p. 8][1] However, upon further consideration of the pleadings and exhibits, the undersigned concludes that plaintiff's *pro se* claims should be liberally construed [see *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per

---

[1] More specifically, the undersigned noted, "Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, the plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.

The complaint is devoid of any allegation which indicates that 'Dr. John Doe' was acting under the color of state law. To the contrary, plaintiff's pleadings suggest that the unidentified physician is, as plaintiff described him, a private practitioner in Lake Providence. Compare *West v. Atkins*, 487 U.S. 42, 49-52, 108 S.Ct. 2250, 101 L.Ed.2d 40 (private physician acts under color of state law for § 1983 purposes when treating patient in state prison under contract with state). Absent some allegation to establish this physician as a 'state actor,' plaintiff's complaint against him fails to state a claim and must be dismissed as frivolous. [rec. doc. 8, pp. 7-8.

curiam)] and therefore, to the extent that plaintiff implies that "Dr. John Doe" was a "state actor" that implied claim will be presumed correct for the purposes of this Supplemental Report and Recommendation. Nevertheless, plaintiff's claims against "Dr. John Doe" and the other defendants are still subject to dismissal for the following reasons.

In his amended complaint, plaintiff alleged the following facts with respect to "Dr. John Doe," --

1. On August 21, 2008, plaintiff was examined by"Dr. John Doe," a physician who practices medicine in Lake Providence.

2. This physician performed a psychological evaluation and concluded that plaintiff's pain was psychosomatic. (According to plaintiff, this physician was without authority or license to perform such an evaluation and his diagnosis is contradicted by an MRI and the diagnosis of "specialists.")[2]

3. Following his psychological examination on August 21, 2008, plaintiff was transferred to ECDC. According to plaintiff, since his arrival at ECDC Nurse Coleman and Warden Gunter have continued to provide inadequate medical care.

According to plaintiff, the actions of the defendants, including "Dr. John Doe," have "caused continual severe back pain that make it impossible for petitioner to stand and/or sit for normal periods of time."

*Law and Analysis*

Medical care claims when asserted by convicted prisoners, like plaintiff, are analyzed

---

[2] Again, in the amended complaint, plaintiff referenced ARPs "attached" to the pleading; however, as noted above, no such documents are attached. Nor do the ARPs attached to the original complaint support plaintiff's claim that any previous diagnostic tests contradicted "Dr. John Doe's" conclusions. [rec. doc. 1, pp. 6-15]

under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the defendants knew of and then disregarded an excessive risk to the plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In other words, the plaintiff must show "deliberate indifference" on the part of the defendants. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "Deliberate indifference" in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that <u>they subjectively intended that harm occur</u>. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. Such deliberate indifference has been equated with "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d 174 (5th Cir.1994).

Thus, even "... the failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly negligent response</u> to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing

3

that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). Finally, disagreement with diagnosis and treatment cannot support a claim of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).

Thus, in order to prevail against "Dr. John Doe," plaintiff must establish that he was deliberately indifferent to plaintiff's serious medical needs. According to the pleadings, "Dr. John Doe" conducted a psychological test on plaintiff and thereafter provided the other defendants with a psychological profile and diagnosis which indicated that plaintiff's complaints were psychosomatic. Plaintiff, of course, disagrees with that diagnosis and claims that it is contradicted by other medical evidence. The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil

Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.*

Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra.*

In short, plaintiff's medical care complaint against "Dr. John Doe" fails to state a claim for which relief may be granted. Therefore,

**IT IS AGAIN RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, April 7, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE